ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
DONALD W. YOO (SBN 227679)
Assistant United States Attorney
      Room 7516, Federal Building
      300 North Los Angeles Street
      Los Angeles, California 90012
      Tel:      (213) 894-3994
      Fax:     (213) 894-7819
      Email:   donald.yoo@usdoj.gov

Attorneys for Defendant
Janet Napolitano, sued in her official capacity as
Secretary of the U.S. Departmentof Homeland Security

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO CHAVEZ, an individual, | No. CV11-9538-MMM (AJWx) |
| Plaintiff, | **PROTECTIVE ORDER** |
| vs. | |
| JANET NAPOLITANO, SECRETARY, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, | |
| Defendant. | Honorable Margaret M. Morrow |

Pursuant to the Joint Stipulation for Protective Order filed by the parties herein, IT IS HEREBY ORDERED that:

Defendant Janet Napolitano, sued in her official capacity as Secretary of the United States Department of Homeland Security, is permitted to produce: (1) various lists of candidates for SISO positions to which Plaintiff applied; (2) applications/resumes of the other candidates who applied for the CPD position; and (3) information about candidates who were considered for the CPD position; (4) documents relating to investigations and reports, including background investigations; and (5) personnel and disciplinary records of USCIS employees (hereinafter items 1-5 are collectively referred to as the "Protected Information").

The Protected Information documents will be redacted prior to disclosure to remove: (1) personal data identifiers contained therein (if any) such as social security numbers, home addresses and telephone numbers; and (2) financial data (if any) for non-parties such as wage records.

The Protected Information shall be used by the parties, counsel, experts, consultants and witnesses only for the purpose of this litigation, and not for any other purpose whatsoever.

The Protected Information, and/or contents thereof, shall be disclosed only to the following:

1. counsel of record for the parties;

2. Plaintiff, who shall be permitted to review the Protected Information in the presence of counsel of record, but shall not be given a copy thereof, provided that she agrees to be bound by the terms of the Protective Order issued by the Court and shall execute a confidentiality agreement in the form attached hereto as Attachment A to the Stipulation for Protective Order;

3. expert consultants/witnesses, who are retained or consulted by the parties for the purposes of providing testimony or performing other services relating to this action, provided that they shall agree to be bound by the terms of the

Protective Order issued by the Court and shall execute a confidentiality agreement in the form attached as Attachment A to the Stipulation for Protective Order; or

       4.    non-expert witnesses to this action, but only to the extent that disclosure is necessary to question a witness or prepare a witness to be questioned by another party; provided that they shall agree to be bound by the terms of the Protective Order issued by the Court and shall execute a confidentiality agreement in the form attached as Attachment A to the Stipulation for Protective Order.  Said non-expert witnesses shall be permitted to review the Protected Information in the presence of counsel, but shall not be given a copy thereof to retain.

       All documents (including all items identified in Rule 1001 of the Federal Rules of Evidence), pleadings, or transcripts of deposition testimony filed in this litigation, including any appeal, that contain, or disclose the contents of the Protected Information shall be submitted under seal.  The submitting party shall request the Court to impound any of the Protected Information that may be submitted as evidence and to maintain the same as a sealed record of the Court not available for review by the public.  All deposition transcripts that contain or disclose the contents of the Protected Information shall be maintained under seal and be subject to the provisions of the Stipulated Protective Order even if they are not filed with the Court.

       At the conclusion of this litigation, including any appeal taken therefrom, all originals or reproductions of the Protected Information, including documents attached to depositions and pleadings, shall be returned to Defendant by Plaintiff's counsel within 30 days of the conclusion of the action, including copies provided to expert consultants/witnesses.  This shall not include documents:  (1) that have been filed with the Court; (2) that contain notations of counsel or experts/consultants, in which case they are to be destroyed by Plaintiff's counsel within 30 days of the conclusion of the action; and (3) electronically stored information, in which case it is to be deleted and/or destroyed by Plaintiff's counsel within 30 days of the

conclusion of this action.

Upon conclusion of this action, including any appeal taken therefrom, Plaintiff's counsel shall, within 30 days from the conclusion of this action, file a certification with the district court that they have irretrievably destroyed all documents which are the subject of the Protective Order. They shall further certify that they have returned to Defendant all originals and reproductions (as defined by Rule 1001(4) of the Federal Rules of Evidence) that they have made of such documents in accordance with this Order. Plaintiff's counsel shall further certify that they have deleted and/or destroyed any electronically stored information or documents containing notations of counsel or experts/consultants, which are the subject of the Protective Order.

Plaintiff's counsel also agrees to return (or in the case of electronically stored information, delete and/or destroy) within 14 days from Defendant's request, any documents (originals and reproductions) subject to the Protective Order which were inadvertently disclosed or not redacted. Plaintiff's counsel further agrees not to use or disclose information contained in such documents.

This Protective Order is not intended to compromise the rights of any party to object to discovery pursuant to the Federal Rules of Civil Procedure or any other governing authority nor is it intended to alter any burden of proof regarding any assertion of privilege in this matter. This Protective Order permits HUD and its employees to disclose the Protected Information, but does not constitute a Stipulation requiring production.

Nothing in this Protective Order shall prohibit a party from seeking further protection of the Protected Information by stipulation among the parties, approved by the Court, or by application to the Court directly.

Nothing in this Protective Order constitutes a waiver of any party's right to seek a Court Order permitting the future use and/or production of unredacted copies of the Protected Information.

Nothing in this Protective Order constitutes a waiver of Defendant's right to use, disclose or disseminate the Protected Information in accordance with the provisions of the Privacy Act, any applicable statutory/regulatory provisions, and Department of Homeland Security and/or USCIS policies.

Neither the United States Department of Justice, United States Department of Homeland Security, USCIS, or the United States Attorney's Office, nor any of their officers, agents employees, or attorneys, shall bear any responsibility or liability for any disclosure of any documents obtained by the parties under this Protective Order, or of any information contained in such documents.

This Protective Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable or admissible and does not constitute any ruling on any potential objection. Other than explicitly set forth herein this Protective Order does not apply to any information or documents subject to a claim of privilege or other basis of exclusion, and this Protective Order shall not be precedent for adopting any procedure with respect to the disclosure of any such other information.

Dated: 11/8/2012

_____
ANDREW J. WISTRICH
UNITED STATES MAGISTRATE JUDGE